1   Daniel S. Brome, CA Bar No. 278915
    dbrome@nka.com
2   NICHOLS KASTER, LLP
    One Embarcadero Center
3   Suite 720
    San Francisco, CA 94111
4   Telephone: (415) 277-7235
    Facsimile: (415) 277-7238
5   *Pro hac vice application forthcoming*

6
    Rachhana T. Srey, MN Bar No. 340133
7   NICHOLS KASTER, PLLP
    4600 IDS Center
8   80 South 8th St.
    Minneapolis, MN 55402
9   Telephone: (612) 256-3200
    Facsimile: (612) 215-6870
10  *Pro hac vice application forthcoming*

11
    Attorneys for Plaintiff and Others Similarly Situated
12  *[Additional Counsel listed on next page]*

13

14

15                    **IN THE UNITED STATES DISTRICT COURT**

16                              **DISTRICT OF OREGON**

17                                **EUGENE DIVISION**

18

| | |
|---|---|
| Barbara Loo, individually, on behalf of others similarly situated, | **Case No. 6:16-cv-01572** |
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND RESTITUTION** |
| v. | **(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, et seq.)** |
| DS Services of America, Inc.; Costco Wholesale Corporation; and DOES 1-10, inclusive | |
| Defendants. | |

COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND RESTITUTION

Richard E. Hayber (CT Bar No. CT11629)
rhayber@hayberlawfirm.com
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
Telephone: (860) 522-8888
*Pro hac vice application forthcoming*

David A. Netburn (FL Bar No. 083781)
dnetburn@rolnicknetburn.com
Rolnick & Netburn, LLC
9734 West Sample Road
Coral Springs, FL 33065
Telephone: (954) 346-5001
*Pro hac vice application forthcoming*

Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377

Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377

**PRELIMINARY STATEMENT**

1.  This is a collective action brought by Individual Plaintiff Barbara Loo ("Plaintiff") on her own behalf and on behalf of the proposed FLSA Collective. Plaintiff and the putative class members work or worked in Defendant Costco Wholesale Corporation ("Costco") stores throughout the country to distribute water for Defendant DS Services of America, Inc. ("DS Services"). Plaintiff and the members of the FLSA Collective are or were employed by DS Services and/or Does 1-10, and jointly employed by Costco and/or Does 1-10. Collectively, DS Services, Costco, and Does 1-10 are referred to as "Defendants."

2.  The FLSA Collective is made up of all persons who have been employed by Defendants as Costco Sales Representatives ("CSRs") anywhere in the United States at any time within the applicable statutory period.

3.  Defendants failed to pay overtime compensation to Plaintiff and each member of the FLSA Collective as required by federal law. Plaintiff seeks relief for herself and for the FLSA Collective under the FLSA requiring Defendants to pay appropriate overtime compensation.

4.  Plaintiff and the members of the FLSA Collective were denied proper compensation as required by federal wage and hour laws. These employees were improperly classified as exempt from overtime, and are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

**THE PARTIES**

5.  Plaintiff Barbara Loo is an individual residing in Salem, Oregon (Marion County).

6.  Plaintiff was employed by Defendants from approximately March 2015 through May 2016 as a Costco Sales Representative.

7.  Plaintiff is a covered employee within the meaning of the FLSA.

8.  As a CSR, Plaintiff worked out of multiple Costco stores, including (but not limited to) stores located in Hillsboro, OR (Washington County); Tigard, OR (Washington County); and Tumwater, WA (Thurston County).

9.  Defendant DS Services is a Delaware Corporation that has been doing business in Oregon at all relevant times.

-1-
COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND RESTITUTION

10. Defendant Costco Wholesale Corporation is a Washington corporation that has been doing business in Oregon at all relevant times.

11. Defendants DOES 1-10, inclusive, are sued herein under fictitious names, their true names and capacities being unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities. Plaintiff is informed and believes, and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages alleged herein were caused by such Defendants.

12. Defendants DS Services and Costco are or were the employers of Plaintiff and the Nationwide FLSA Collective under the FLSA, 29 U.S.C. § 201, *et. seq.*

13. Defendants operate in interstate commerce by, among other things, selling water and other products in multiple states.

14. Throughout the relevant period, Defendants' annual gross volume of sales made or business done was not less than $500,000.

15. Plaintiff and those similarly situated are individuals who were or are employed by Defendants as Costco Sales Representatives ("CSRs") at any time within the applicable statutory period anywhere in the United States. As CSRs, their primary job duty was or is non-exempt work consisting of selling water and other products to Costco customers in Costco stores.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. §§ 201 *et seq*. Plaintiff has signed a consent form to join this lawsuit, which is attached as Exhibit A.

17. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Plaintiff resides in this district, Defendant operates in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

18. Pursuant to L.R. 3-2(c) and (d), this action is properly assigned to the San Francisco/ Oakland Division of the Northern District of California because a substantial portion of

the events giving rise to the dispute occurred in Sonoma County, Marin County, and Contra Costa County.

### FACTUAL ALLEGATIONS

19. DS Services hired Plaintiff and other similarly situated individuals to work as CSRs to distribute water in Costco locations. DS Services employs and pays the CSRs.

20. Costco also directs and controls a substantial portion of Plaintiff's work and the work of the similarly situated CSRs. Costco is able to discipline Plaintiff and other CSRs, and to control how they behave and act when inside Costco locations. Costco has the ability to control material terms and conditions of Plaintiff's employment and the employment of other similarly situated CSRs.

21. Plaintiff and members of the collective perform their main job duties in Costco locations. Plaintiff and members of the collective do not perform sales work away from Defendants' places of business.

22. From early March 2015 to mid-April 2015, Plaintiff routinely worked over forty (40) hours per week without receiving overtime compensation.

23. For example, during the workweeks in March 2015, Plaintiff estimates that she worked approximately 52 hours per week without receiving overtime wages.

24. Defendants classified CSRs, including Plaintiff and those similarly situated, as exempt from the FLSA's overtime protections.

25. Defendants did not keep accurate records of the hours Plaintiff and other CSRs worked.

26. Plaintiff and the similarly situated CSRs work inside Costco stores where Defendants, pursuant to a nationwide agreement with Costco, utilize a portion of the store for CSRs to set up a booth to display and sell DS Services' water products.

27. CSRs are required to travel to the assigned Costco and work in that particular store for five consecutive days, Wednesday through and including Sunday (the "Work Week"). Each Work Week, the CSRs go to a different Costco and spend the entire Work Week in that Costco store.

28.    Defendants' rules for CSRs instruct CSRs to be at the Costco on Wednesdays at least an hour prior to the store opening, and require them to send their Sales Manager a picture of CSRs and their booth by text message or email. They then work during the Costco store hours and stay for a period of time after it closes to review results, and secure materials, products, and equipment, and communicate with Costco managers.

29.    On Wednesday, Thursday, Friday, Saturday and Sunday, CSRs are required to set up their booth prior to store opening, and then to work the booth during Costco store hours, and to communicate with their sales manager after hours. On Sundays, CSRs are required to stay after the Costco store closes to break down the display booth and pack up before returning home.

30.    Defendants were aware, or should have been aware, that Plaintiff and the similarly situated CSRs performed non-exempt work that required payment of overtime compensation. For instance, Defendants knew that Plaintiff and similarly situated CSRs worked overtime hours because Defendants assigned them their work and required them to be present and working during Costco store hours, Wednesday through Sunday. Defendants were also aware of Plaintiff's and the similarly situated employees' work hours because Defendants required CSRs to provide substantial information about their work hours.

31.    Defendants' conduct, as set forth in this Complaint, was willful. Defendants operated under a scheme that has caused significant damages to Plaintiff and the similarly situated individuals.

32.    Costco is a joint employer of Plaintiff and members of the collective. Costco promulgates policies and procedures that control the job duties for Plaintiff and other CSRs; it controls the locations where Plaintiff and other members of the collective work; it controls how Plaintiff and the collective perform their day to day duties; its managers directly supervise—and can discipline—Plaintiff and members of the collective; and it regulates the hours that Plaintiff and other CSRs work in Costco locations. Additionally, Plaintiff and other similarly situated CSRs are required to wear shirts with a Costco logo (and a DS Services logo), required to wear a Costco nametag, and they are required to sell Costco products such as water coolers.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and others similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). Plaintiff's consent form is attached to this Complaint as Exhibit A.

34. The proposed FLSA Collective class is defined as follows:

> All persons who worked for Defendants at any Costco locations in the United States as CSRs at any time within the applicable statutory period.

35. Defendants suffered and permitted Plaintiff and the FLSA Collective to work more than forty (40) hours per week.

36. Plaintiff and the FLSA Collective were or are paid a base salary, with bonus and commissions, but with no overtime pay for their overtime hours worked.

37. During the applicable statutory period, Defendants classified Plaintiff and the FLSA Collective as exempt from overtime compensation.

38. Defendants knew that Plaintiff and the FLSA Collective performed non-exempt work that required overtime pay. Defendants operated under a scheme to deprive its Costco Sales Representatives of overtime compensation by failing to properly compensate them for all hours worked.

39. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. In addition to Plaintiff, other employees have filed consent forms to join this action. Those consent forms are included in Exhibit A. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT

29 U.S.C. §§ 201 et seq.

(On Behalf of Plaintiff and the FLSA Collective)

40. Plaintiff and the FLSA Collective allege and incorporate by reference the allegations in the preceding paragraphs.

41. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

42. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked. By failing to compensate Plaintiff and the FLSA Collective overtime compensation, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq*.

43. Defendants knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

44. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq*.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

46. Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the amount of all unpaid overtime compensation owed to herself and the FLSA Collective, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

47. Plaintiff, on behalf of herself and the FLSA Collective, seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all members of the FLSA Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice

|   |   |   |
|---|---|---|
| 1 |    | pursuant to 29 U.S.C. § 216(b) to all those similarly situated |
| 2 |    | apprising them of the pendency of this action, and permitting them |
| 3 |    | to assert timely FLSA claims in this action by filing individual |
| 4 |    | consent forms pursuant to 29 U.S.C. § 216(b); |
| 5 | B. | Judgment that Plaintiff and those similarly situated are non-exempt |
| 6 |    | employees entitled to protection under the FLSA; |
| 7 | C. | Judgment against Defendants for violation of the overtime |
| 8 |    | provisions of the FLSA; |
| 9 | D. | Judgment that Defendants' violations as described above were |
| 10|    | willful; |
| 11| E. | An award in an amount equal to Plaintiff's and the FLSA |
| 12|    | Collective's unpaid back wages at the applicable overtime rate; |
| 13| F. | An award to Plaintiff and those similarly situated for the amount of |
| 14|    | unpaid wages owed, liquidated damages and penalties where |
| 15|    | provided by law, and interest thereon, subject to proof at trial; |
| 16| G. | An award of reasonable attorneys' fees and costs pursuant to 29 |
| 17|    | U.S.C. § 216 and/or other applicable laws; |
| 18| H. | An award of prejudgment interest; |
| 19| I. | Leave to add additional plaintiffs by motion, the filing of written |
| 20|    | consent forms, or any other method approved by the Court; and |
| 21| J. | For such other and further relief, in law or equity, as this Court may |
| 22|    | deem appropriate and just. |

Dated: August 2, 2016            **NICHOLS KASTER, LLP**

                                 By:   s/Daniel S. Brome
                                       Daniel S. Brome

                                 Attorneys for Plaintiff and Others Similarly
                                 Situated

-7-

COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND RESTITUTION

**LEIMAN & JOHNSON, LLC**

__/s Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.: 98074
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Of Attorneys for Plaintiff and Others Similarly Situated

__/s Drew G. Johnson_____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.: 114289
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Of Attorneys for Plaintiff and Others Similarly Situated